IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:16-cv-844

| | |
|---|---|
| **JACKIE BLUE,** | : |
|     **Plaintiff,** | : |
| v. | : |
| **CVS PHARMACY, INC.** | :     **COMPLAINT** |
| | :     (Injunctive Relief Demanded) |
|     **Defendant.** | : |
| _____ / | : |

Plaintiff, JACKIE BLUE, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CVS PHARMACY, INC., (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Defendant's property, CVS, 9539 Cliffdale Road, Fayetteville, North Carolina, 28304 (the "Property") is located in the County of Cumberland.

2. Venue is properly located in the EASTERN DISTRICT OF NORTH CAROLINA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff is a North Carolina resident, is sui juris, suffers from multiple sclerosis and qualifies as an individual with disabilities as defined by the ADA. Due to her disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility. Plaintiff has visited the Property and plans to return to the Property to avail herself of the goods and services offered to the public at the Property, and to determine whether the Property has been made ADA compliant. The Plaintiff suffered particularized and individualized harm, which affected her in a personal and individual way, caused by architectural barriers at the Property. The above constitute violations of the ADA, as set forth in more detail below.

5. Plaintiff is a resident of Fayetteville, North Carolina and has been for many years. Ms. Blue lives 14 miles from the Property. Ms. Blue visited the Property on July 24, 2014. (See Exhibit A). Ms. Blue has visited the Property approximately two (2) times in the past few months. Ms. Blue visited the Property in March of 2016. (See Exhibits B and C). Ms. Blue visits the Property periodically when she is in the vicinity. Ms. Blue is in the vicinity of the Property more than once per month as she goes about her daily life. Ms. Blue's daughter used to live near the Property, and Ms. Blue's friends live in Cliffdale West, which is approximately one mile from the Property. Based on Plaintiff Blue's affinity for the products and services available at the Property, she intends to continue her pattern and practice of patronizing the Property. Ms. Blue visits the Property to purchase food from the Yang

Garden and Subway restaurants. Ms. Blue also visits the Property to shop at the Food Lion grocery store and the Defendant's CVS drug store.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as CVS, 9539 Cliffdale Drive, Fayetteville, NC 28304,

7. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. JACKIE BLUE desires to visit Defendant's place of public accommodation not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less). Plaintiff's visit(s) to the Property have revealed that violations exist. These violations include, but are not limited to:

**Access to Goods and Services**

1. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADA Standards.

2. The plaintiff could not reach the self-service items as they were mounted too high. Violation: There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Sections 4.2 and 4.27.3 of the ADAAG and Sections 308 and 904.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

1. The plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance was not provided due to the location of child booster seats. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Sections 36.211 and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The plaintiff had difficulty using the side grab bar as a feminine hygiene dispenser was mounted above it obstructing the use. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and 4.26 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The plaintiff had difficulty using the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating Section 36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet is mounted at a non-compliant distance from the wall in violation of Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

5 The plaintiff could not transfer to the toilet without assistance as the side grab bar did not extend the required distance from the rear wall and the rear grab bar was not the required length. Violation: the grab bars do not comply with the requirements prescribed in Section f.16.4 and Figure

29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The plaintiff could not use soap dispenser without assistance as it was mounted too high for a forward reach. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6 and 4.27.3 of the ADAAG and Section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The plaintiff could not use the feminine hygiene dispenser without assistance, as it required a tight grasp and twist to operate. Violation: Compliant dispensers are not provided in the restroom violating Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

10. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993,

as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter CVS at Westin Centre to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted, this the 10th day of October, 2016.

*/s/ Christopher D. Lane*
Christopher D. Lane
NC State Bar No.: 20302
Attorney for Plaintiff
3802-A Clemmons Rd.
Clemmons, NC 27012
Telephone: 336-766-0229

## VERIFICATION OF COMPLAINT

Re: JACKIE BLUE v. CVS PHARMACY, LLC Property located at 9539 Clliffdale Road, Fayetteville, NC 28304,

I hereby swear and affirm, under penalty of perjury, that I visited the property referenced above. I personally encountered barriers to access which discriminated against me by making access more difficult or impossible for me. I requested that a lawsuit be filed on my behalf to bring the property into compliance. I personally reviewed the Complaint and affirm that it truly and accurately describes my disability, visit to the property, and the barriers that are present at the facility. I authorize this action.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

_Jackie Blue_       10/4/16
JACKIE BLUE           Date